UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ANGEL SIFUENTES, III,<br><br>               Plaintiff,<br>    v.<br><br>NAUTILUS, INC.,<br><br>               Defendant. | CASE NO. C21-5613JLR<br><br>ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(e)(2)(B) |

## I.    INTRODUCTION

Before the court are *pro se* Plaintiff David Angel Sifuentes, III's amended complaint against Defendant Nautilus, Inc. ("Nautilus") (Am. Compl. (Dkt. # 6)) and Mr. Sifuentes's motion to appoint counsel (Mot. (Dkt. # 5)).  Magistrate Judge S. Kate Vaughan granted Mr. Sifuentes *in forma pauperis* ("IFP") status.  (IFP Order (Dkt. # 3) at 1.)  Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2); *see also id.*

§ 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings). As discussed below, Mr. Sifuentes's amended complaint falls within the category of pleadings that the court must dismiss. Accordingly, the court DISMISSES Mr. Sifuentes's amended complaint with leave to amend and STRIKES the pending motion to appoint counsel (Dkt. # 5).

## II.   BACKGROUND

Mr. Sifuentes's claim centers on a Bowflex Treadclimber TC 200 ("Treadclimber") that he purchased from Nautilus on or around November 8, 2017. (Am. Compl. at 1.) The Treadclimber came with a three-year warranty. (*Id.*) During these three years, the Treadclimber "would consistently break down." (*Id.* at 1-2.) Mr. Sifuentes filed several claims with Nautilus yet still went weeks without an operational Treadclimber. (*Id.*) In November 2020, Mr. Sifuentes purchased an "additional extended warranty 'protection plan' that extends [the warranty] for about another 2 years." (*Id.* at 2.) However, shortly afterwards, the Treadclimber "smoked and crashed th[e]n stopped working." (*Id.*) Mr. Sifuentes immediately notified Nautilus, but Nautilus transferred the matter to a third party. (*Id.*) To date, no entity has repaired the Treadclimber. (*Id.*)

Mr. Sifuentes initiated the instant suit on August 25, 2021. (*See* IFP Mot. (Dkt. # 1).) He brings a breach of warranty claim under the Magnuson-Moss Warranty Act ("MMWA"). (Am. Compl. at 2-3); *see* 15 U.S.C. §§ 2301-2312. He does not bring any claims under state warranty law. (*See* Am. Compl.) After being granted IFP status, Mr. Sifuentes filed a motion to appoint counsel. (*See* Mot.)

//

### III. ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because Mr. Sifuentes is a *pro se* plaintiff, the court must construe his pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, he must still plead factual allegations "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept as true a legal conclusion presented as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the pleading standard announced by Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555); *see* Fed. R. Civ. P. 8(a).

Mr. Sifuentes brings only an MMWA claim. (*See* Am. Compl. at 2-3.) However, "[a] viable MMWA claim requires a plaintiff to successfully plead a violation of state warranty law." *Tait v. BSH Home Appliances Corp.*, No. SACV 10-711 DOC (ANx), 2011 WL 1832941, at *5 (C.D. Cal. May 12, 2011); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 n.3 (9th Cir. 2008) ("[T]he claims under the [MMWA] stand or fall with his . . . claims under state law"). "[T]here is no private cause of action for liability under [the MMWA]"; instead, the MMWA "only helps to determine damages when liability is already settled." *Leonard v. The Momentum Grp., Inc.*, No. 1:14-CV-01074-LMM, 2015 WL 11236547, at *6 (N.D. Ga. Dec. 16, 2015). Put differently, a plaintiff

must first demonstrate liability under a state law before turning to the MMWA. *See id.* at *6. Mr. Sifuentes neither brings a breach of warranty claim under state law, nor does he plead a violation of any applicable state warranty law. (*See* Am. Compl.) Thus, the court concludes that Mr. Sifuentes fails to state an MMWA claim and dismisses his amended complaint.

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Thus, the court grants Mr. Sifuentes fourteen (14) days to file an amended complaint that corrects the deficiencies identified herein. If Mr. Sifuentes fails to timely comply with this order or fails to file an amended complaint that remedies the aforementioned deficiencies, the court will dismiss his complaint without leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Sifuentes's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend within fourteen (14) days of this order. The court additionally STRIKES the motion to appoint counsel (Dkt. # 5). The Clerk is DIRECTED to send a copy of this order to Mr. Sifuentes.

Dated this 8th day of September, 2021.

JAMES L. ROBART
United States District Judge