UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ANGEL SIFUENTES, III,<br><br>Plaintiff,<br><br>v.<br><br>NAUTILUS, INC.,<br><br>Defendant. | CASE NO. C21-5613JLR<br><br>ORDER |

Before the court is *pro se* Plaintiff David Angel Sifuentes, III's motion for appointment of counsel. (Mot. (Dkt. # 41).) Mr. Sifuentes, who is proceeding *in forma pauperis* ("IFP") (IFP Mot. (Dkt. # 1); Order Granting IFP Status (Dkt. # 3)), brings claims against Defendant Nautilus, Inc. ("Nautilus") for: (1) breach of express and implied warranties under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, and Michigan state law (SAC (Dkt. # 8) at 2-3); (2) product liability under Michigan state law (*id.* at 3-4); and (3) intentional infliction of emotional distress ("IIED") under

//

ORDER - 1

Michigan state law (*id.* at 4).  Having considered the motion,[1] the relevant portions of the record, and the applicable law, the court DENIES Mr. Sifuentes's motion.

The appointment of counsel for a pro se litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). A court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) but should do so "only in exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  When determining whether exceptional circumstances justify the appointment of counsel, the court considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  Neither of these considerations is dispositive; instead, they must be viewed together. *Id.*

In his motion for appointment of counsel, Mr. Sifuentes argues that the court should appoint counsel to assist him with his case because he is not an attorney and appointing counsel "will provide fairness and the administration of justice." (*See* Mot. at 1.)  The court, however, concludes that Mr. Sifuentes is unable to establish that "exceptional circumstances" warrant the appointment of counsel. *Palmer*, 560 F.3d at 970.  In particular, his motion fails to show, in light of the complexity of the legal issues involved, that he is unable to articulate his claims *pro se*.  Indeed, his filings to date

---

[1] Counsel for Nautilus stated on the record during a discovery conference held on April 4, 2022 (*see generally* 4/4/22 Min. Entry (Dkt. # 42)) that Nautilus does not plan to respond or object to Mr. Sifuentes's motion.

demonstrate the opposite—that he is capable of articulating his claims and bringing coherent motions before the court.  (*See generally* Dkt. (filing motions for judgment on the pleadings, to transfer venue, for a protective order, for a preliminary injunction, and for entry of default and default judgment).)  Moreover, at this phase of the proceeding, the court cannot conclude that Mr. Sifuentes is likely to succeed on the merits of his case.

Finally, the court is doubtful that it will be able to find an attorney to take Mr. Sifuentes's case.  Although courts often refer to motions under 28 U.S.C. § 1915(e)(1) as motions to appoint counsel, the statute does not actually authorize the court to force a lawyer to take a case.  Nor does the court have staff attorneys standing by to represent *pro se* litigants.  Instead, the court may only "request" that an attorney represent an indigent litigant.  28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants").  The court has adopted a plan for recruiting counsel to represent indigent litigants pro bono, but only plaintiffs in "civil rights actions" are eligible.  *See* W.D. Wash. General Order 16-20 (Dec. 8, 2020), https://www.wawd.uscourts.gov/sites/wawd/files/GO16-20AmendedProBonoPlan.pdf. "A private product liability action likely does not qualify as a civil rights action," *Dearinger v. Eli Lilly & Co.*, No. C21-0060JCC, 2021 WL 2012311, at *1 (W.D. Wash. May 20, 2021), nor do breach of warranty or IIED actions.  Thus, the court is doubtful that Mr. Sifuentes's case would be eligible for the court's pro bono plan.

In sum, Mr. Sifuentes has not demonstrated that this case involves the type of exceptional circumstances that warrant appointment of counsel by the court.  For the

ORDER - 3

same reason, the court determines that Mr. Sifuentes's request for court-appointed counsel should not be passed on to the pro bono screening committee for further review. *See* W.D. Wash. General Order No. 16-20, Section 3(c). Accordingly, the DENIES Mr. Sifuentes's motion for appointment of counsel (Dkt. # 41).

Dated this 5th day of April, 2022.

JAMES L. ROBART
United States District Judge