UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID ANGEL SIFUENTES, III,<br><br>                    Plaintiff,<br><br>        v.<br><br>NAUTILUS, INC.,<br><br>                    Defendant. | CASE NO. C21-5613JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff David Angel Sifuentes, III's motion for a preliminary injunction. (Mot. (Dkt. # 44).[1]) Defendant Nautilus, Inc. ("Nautilus") opposes the motion. (Resp. (Dkt. # 55).) The court has considered the

//

//

---

[1] Mr. Sifuentes did not file a reply by the deadline. (*See generally* Dkt.); Local Rules W.D. Wash. LCR 7(d).

ORDER - 1

parties' submissions, the balance of the record, and the applicable law. Being fully advised,[2] the court DENIES Mr. Sifuentes's motion.

## II.   BACKGROUND

Mr. Sifuentes initiated the instant suit against Nautilus on August 25, 2021. (*See* IFP Mot. (Dkt. # 1).) He brings claims for: (1) breach of express and implied warranties under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301-2312, and Michigan state law (SAC (Dkt. # 8) at 2-3); (2) product liability under Michigan state law (*id.* at 3-4); and (3) intentional infliction of emotional distress ("IIED") under Michigan state law (*id.* at 4).

Mr. Sifuentes's claims revolve around a Bowflex Treadclimber TC 200 ("Treadclimber") that he purchased from Nautilus in November 2017. (*See* SAC at 2-4.) The Treadclimber came with a three-year warranty. (*Id.* at 2; *see also id.*, Ex. A ("Original Warranty"); Lewis Decl. (Dkt. # 56) ¶¶ 3-4, Exs. A ("Order Confirmation"), B ("Owner's Manual").) Mr. Sifuentes claims that throughout the three-year warranty period the Treadclimber "would consistently break down," its computer malfunctioned, and its railing broke off. (SAC at 2 (asserting that he fell off the Treadclimber when the railing broke off).) He allegedly filed several claims with Nautilus yet went weeks without an operational Treadclimber while he waited for technicians to come out and repair the machine. (*Id.*)

---

[2] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court has determined that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

1   In September 2020, Mr. Sifuentes purchased an "additional extended warranty 'protection plan' that extends [the Treadclimber's warranty] for about another 2 years."[3] (*Id.*; *see also* Answer (Dkt. # 26) at 2 (noting that Mr. Sifuentes purchased the extended warranty from Nautilus in September 2020); Lewis Decl. ¶¶ 5-6, Exs. C ("EW Purchase Call"), D ("EW Receipt").)  When Mr. Sifuentes purchased the extended warranty from Nautilus, a customer service representative informed him that the warranty would be fulfilled by Warrantech and that he should thus contact Warrantech with any claims related to the Treadclimber.  (EW Purchase Call at 12:50-17:05 (explaining to Mr. Sifuentes that Warrantech would be responsible for evaluating any product claims).)

Mr. Sifuentes alleges that the Treadclimber "smoked," "crashed," and then "stopped working" sometime after he purchased the extended warranty.  (SAC at 2 (alleging that he was concerned about "how dangerous" the machine had become).)  He notified Nautilus of the issues on August 13, 2021, but Nautilus's customer service representative told him that, while the Treadclimber was covered by the extended warranty, it was no longer covered by the manufacturer's warranty.  (Lewis Decl. ¶ 7, Ex. E ("8/13/21 Call") at 6:40-14:15.)  As such, the customer service representative again informed Mr. Sifuentes that he needed to raise his issues relating to the Treadclimber with Warrantech and provided him with Warrantech's contact information.  (*Id.*)

//

---

[3] The original warranty expired in November 2020.  (*See, e.g.,* Order Confirmation (listing the purchase date as November 15, 2017); Owner's Manual at 71 (stating that the original warranty expires three years after the purchase date).)

ORDER - 3

On March 25, 2022, Mr. Sifuentes called Nautilus and told a customer service representative that he was "trying to get an exchange for an item [he] purchased." (*See* Resp. at 3 (quoting Lewis Decl. ¶ 13, Ex. K ("3/25/22 Call") at 0:10 (requesting an exchange for a different machine)).) Mr. Sifuentes alleges that the customer service representative transferred his call to another department and that, after being on hold for over an hour, he left a message regarding the issue. (Mot. to Compel. (Dkt. # 43).) He allegedly never received a call back and believes that there is a note in his file that prevents him "from receiving any customer service assistance" or "filing a warranty claim." (*Id.*)

### III.   ANALYSIS

Mr. Sifuentes now asks the court to enter a preliminary injunction that "prevent[s] Nautilus from refusing to allow a warranty claim." (Mot. at 1.) The court begins by setting forth the relevant legal standard before turning to Mr. Sifuentes's motion.

**A.   Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689 (2008)); *Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (noting that preliminary relief is granted sparingly, and only in clear cases). "[T]he basic function of a preliminary injunction is to preserve the *status quo ante litem* pending a determination of the action on the merits." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980). Under Federal Rule of Civil Procedure 65(b), a party seeking a preliminary injunction must make a clear showing: (1) of a likelihood of

success on the merits; (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of hardship tips in her favor; and (4) that a temporary restraining order in is in the public interest.[4] *Winter*, 555 U.S. at 20; *see also Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (stating that a "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction," and that "a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief" (citing *Goldie's Bookstore, Inc. v. Superior Ct.*, 739 F.2d 466, 472 (9th Cir. 1984))). The moving party bears the burden of persuasion and must make a clear showing that they are entitled to such relief. *Winter*, 555 U.S. at 22. "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 24 (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987)).

      In a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). However, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue

---

[4] The Ninth Circuit has set forth a "serious questions" variation of this standard, under which "a preliminary injunction is proper if there are serious questions going to the merits; there is a likelihood of irreparable injury to the plaintiff; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) (holding "that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint"); *De Beers*, 325 U.S. at 220 (noting that a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action).

B.  **Mr. Sifuentes's Motion for a Preliminary Injunction**

Mr. Sifuentes asks the court to enjoin "Nautilus from refusing to allow a warranty claim" with respect to his Treadclimber. (Mot. at 1.) He states that he "attempted to file a warranty and was prevented from doing so with Nautilus" due to, what he believes to be, a "note" in his file that prevents him "from receiving any customer service assistance" or "filing a warranty claim" while litigation is pending. (*Id.*; Mot. to Compel at 1.) Mr. Sifuentes claims that without the requested relief, he will be harmed because his extended warranty expires in November 2022. (Mot. at 1.) Thus, he asks the court to require "Nautilus and[/]or its . . . partners associated with [his] warranty" to allow him to "file claims for a replacement item while litigation is pending." (*Id.*)

Although Mr. Sifuentes uses prohibitory language, it is clear that the relief he seeks goes well beyond maintaining the status quo during the litigation, which is the hallmark of a mandatory, rather than prohibitory, injunction. *See Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). Such injunctions are strongly disfavored in the Ninth Circuit. *See id.*; *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). When a mandatory injunction is requested, the burden to achieve injunctive relief is particularly

high, and the district court should deny such relief unless the facts and law "clearly favor" the moving party. *See Garcia*, 786 F.3d at 740; *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011) ("[A] mandatory injunction is particularly disfavored. In general, mandatory injunctions are not granted unless extreme or very serious damage will result[,] and are not issued in doubtful cases."). As discussed below, Mr. Sifuentes is unable to meet this heightened standard for multiple reasons. (*See generally* SAC; Not.)

First, the warranty that the Treadclimber came with has long since expired and the extended warranty—the only warranty that still covers the Treadclimber—is administered by Warrantech, not Nautilus. (*See* Order Confirmation; Owner's Manual at 71; EW Receipt; EW Purchase Call at 12:50-17:05.) To the extent that Mr. Sifuentes wants the court to order Warrantech to allow him to file warranty claims (*see* Mot. at 1 (asking the court to issue an injunction against Nautilus's "partners associated with [his] warranty")), the court lacks jurisdiction to grant such relief because Warrantech is not a party to this action. *See Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *Bell v. Mejia*, 362 F. App'x 626 (9th Cir. 2010) (stating that it is within a district court's discretion to deny a motion for a temporary restraining order against defendants not named in the complaint).

Second, with respect to Nautilus, Mr. Sifuentes is unable to show that the requested injunctive relief is of the same nature as the relief he may ultimately be granted

if he were to succeed on the claims raised in his second amended complaint. *See Pac. Radiation*, 810 F.3d at 633. As Nautilus notes in its response, it is unclear why Mr. Sifuentes seeks the requested relief against Nautilus because it is not the administrator of the extended warranty that currently covers the Treadclimber. (*See* Resp. at 5.) The injunctive relief that Mr. Sifuentes seeks in the instant motion is also unrelated to (1) the allegations underlying his breach of warranty, product liability, and IIED claims in his second amended complaint, which focused on the harm he suffered from the allegedly defective Treadclimber, and (2) the relief requested in his second amended complaint. (*See generally* SAC at 2-4 (requesting monetary relief for his claims).) Additionally, the recent events that appear to form the basis of Mr. Sifuentes's motion occurred long after he filed his second amended complaint. (*Compare* Mot. at 1 (citing his motion to compel the note in support of his statement that he attempted to file a warranty claim and was prevented from doing so); Mot. to Compel at 1 (describing his attempt to file a warranty claim on March 25, 2022), *with* SAC at 2-4 (describing his issues with the Treadclimber prior to September 2021).[5]) "Because the [c]ourt only has jurisdiction over the operative claims in the [second amended] [c]omplaint, it lacks the ability to provide the relief [Mr. Sifuentes] seeks in the [motion for preliminary] injunction." *Smith v. Rios*, No.

---

[5] *See Churyumov v. Amazon Corp. LLC*, No. C19-0136RSM, 2019 WL 2409605, at *2-3 (W.D. Wash. June 7, 2019) (concluding that injunctive relief was improper where the issues raised in the plaintiff's motion occurred after the plaintiff filed his complaint and were unrelated to the claims in the complaint); *Pac. Radiation*, 810 F.3d at 636 ("Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994))).

1:10-cv-1554-AWI-MJS, 2010 WL 4603959, at *2 (E.D. Cal. 2010) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Put another way, Mr. Sifuentes's requested relief would not remedy the wrongs alleged his second amended complaint. *See id.*

Third, even if the court were able to grant the relief that Mr. Sifuentes requests, he fails to demonstrate, among other things, that he is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. Mr. Sifuentes argues that he will be harmed because his extended warranty expires in November 2022 and if Nautilus does not "respond [or] help [with his warranty claims while this litigation is pending] then he cannot file any warranty claims with Nautilus" before the warranty expires. (Mot. at 1.) However, that allegation does not explain how he will be irreparably harmed if injunctive relief is not granted. To begin, it is doubtful that the harm alleged in Mr. Sifuentes's motion cannot be remedied by a later award of money damages—whether against Nautilus or Warrantech in a separate action—since he is currently seeking money damages to remedy his claimed injuries. *See Edge Games, Inc. v. Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) ("[I]rreparable harm is established when a plaintiff is unlikely to be made whole by an award of monetary damages or some other legal remedy at a later date, in the ordinary course of litigation." (citing *Cal. Pharmacists Ass'n v. Maxwell–Jolly*, 563 F.3d 847, 851-52 (9th Cir. 2009))). Further, because Nautilus is not responsible for the extended warranty (*see supra* Section III.B at 7-8), Mr. Sifuentes's allegation fails to demonstrate that he will be irreparably harmed by Nautilus's alleged refusal to allow him to file a warranty claim. *See Associated Gen. Contractors of Cal., Inc. v. Coal. for Econ. Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)

(stating that the plaintiff "must do more than merely allege imminent harm"). Indeed, nothing in the record before the court suggests that Mr. Sifuentes would be unable, while this litigation is pending, to file whatever warranty claims he wants with the administrator of his extended warranty, Warrantech. (*See, e.g.*, EW Purchase Call at 12:50-17:05 (informing Mr. Sifuentes that the extended warranty is administered by Warrantech and to submit any claims related to the Treadclimber with it); 8/13/21 Call at 6:40-14:15 (same).) Because Mr. Sifuentes has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' [the court] need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011) (citation omitted) (quoting *Winter*, 555 U.S. at 20).

In sum, Mr. Sifuentes fails to satisfy his high burden to demonstrate that the requested injunctive relief is warranted. Accordingly, the court DENIES his motion for a preliminary injunction.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Mr. Sifuentes's motion for a preliminary injunction (Dkt. # 44).

Dated this 3rd day of May, 2022.

JAMES L. ROBART
United States District Judge